**CARPENTERS LOCAL NO. 1650, etc., et al.**
**v. CITY OF LEXINGTON et al.**

Court of Appeals of Kentucky.

March 14, 1952.

Rehearing Denied May 23, 1952.

Herman Cohen, Louisville, for appellants.

Foster Ockerman, William H. Townsend, Lexington, for appellees.

CULLEN, Commissioner.

In Baughn v. Gorrell & Riley, 311 Ky. 537, 224 S.W.2d 436, this Court upheld the constitutionality of the Kentucky statute requiring the payment of prevailing wages on public works projects, KRS 337.510 to 337.550. We held that the statute, in requiring that the rates fixed in collective bargaining agreements between labor organizations and employers be established as the prevailing wages if such agreements apply to a sufficient number of employes "to furnish a reasonable basis for considering those rates to be the prevailing rates in the locality", did not constitute an unconstitutional delegation of legislative authority because each public authority having works projects to be done "is vested with a discretion in determining the reasonable prevailing wage", 224 S.W.2d 439.

In the case now before us, the board of commissioners of the City of Lexington is charged with having abused the discretion above referred to, in fixing the prevailing wage rates for certain public works projects proposed by the city.

In 1951, after conducting a hearing at which evidence was presented on behalf of union workers and on behalf of nonunion employers, the board of commissioners determined that the wage rates fixed in a collective bargaining agreement between an organization representing building construction trade unions in Lexington and Fayette County, and an organization representing contractors employing union labor in the city and county, constituted the prevailing wages as to twelve crafts, such as bricklayers, electricians and plumbers, but that the prevailing wage rates as to carpenters, truck drivers and common laborers were those being paid by contractors employing nonunion workers. The local unions representing carpenters, truck drivers and common laborers then brought this action against the board of commissioners, charging that the board's determination

was arbitrary, capricious and illegal, and seeking to compel the board to fix the union rates as the prevailing rates.

By agreement, the action was heard in the circuit court on the evidence taken before the board of commissioners. The circuit court dismissed the unions' petition, and they have appealed.

The evidence taken before the board of commissioners consisted of the testimony of two witnesses, one for the unions and one for an association of nonunion employers, and a number of exhibits. The testimony of the two witnesses amounted only to estimates as to the respective numbers and percentages of union and nonunion workers in construction trades in the locality; the union witness stating that union workers were in the majority, and the nonunion witness stating that nonunion workers were in the majority. The exhibits consisted of letters or statements of various contractors as to the number of union or nonunion workers in their employ, and statements of various unions as to the number of their members.

▇ Upon the testimony and the exhibits, we can not say that the board of commissioners acted arbitrarily or capriciously in concluding that nonunion carpenters, truck drivers and common laborers were in the majority in employment in Lexington and Fayette County at the time in question.

▇ If the board of commissioners is to have some discretion in determining what are the prevailing wages, which we said in the Baughn case was necessary in order to hold the statute constitutional, then the board cannot be compelled to adopt the union rates where the number of union workers, although substantial, is less than a majority of all the workers in employment in the locality. Certainly, there is not "a reasonable basis for considering those (the union) rates to be the prevailing rates in the locality", KRS 337.520, if there is evidence, as here, indicating that the union rates are not the prevailing rates. It may be observed that the unions in this case do not contend that the union rates must be adopted if there are a substantial number of employes under union contracts, though not a majority; their contention is that the evidence in this case shows that they have a majority. The defect in this contention is that it is based on a comparison of the *estimates* made by the witness for the unions, with the letters from nonunion contractors listing the number of workers in their employ. If the estimates of the union witness are compared with the estimates of the nonunion witness, or if the letters from union contractors are compared with the letters from nonunion contractors, it cannot be said conclusively that the union workers are in the majority.

The judgment is affirmed.